JUDGE LYNCH

07 CV 3299

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

BEST FOODS, INC.,

                Plaintiff

      -against-                        **VERIFIED COMPLAINT** APR 2 5 2007

M/V "MAERSK VUNGTAU", her engines,      07 Civ.
boilers, etc.,

      -and against-

PEGASUS MARITIME, INC.,

                Defendants.

------------------------------------------------------X

1. This is a case of contract, cargo damage and non-delivery of cargo, civil and maritime and is an admiralty and maritime claim within the meaning of the Rule 9(h). Plaintiff invokes the maritime procedures specified in Rule 9(h).

2. Plaintiff, BEST FOODS, INC., is a legal entity organized under the law, with an office located at 56-34 56th Street, Maspeth, New York 11378. Defendant, PEGASUS MARITIME, INC., is a legal entity organized under the law, with an office located at 262 West 38th Street, Suite 403, New York, New York 10018.

3. During all times herein mentioned, defendant was the owner and/or operator of the M/V "VUNGTAU" and operated it in the common carriage of goods by water for hire between Port Qasim, Pakistan and New York.

4. The M/V "VUNGTAU", is now or during the pendency of this action will be, within this District.

5. On or about January 8, 2006, Shan Food Industries delivered a shipment of 2,225 ctns mixed spices to defendant, as a common carriers at the Port Qasim in good condition, for transportation onboard the M/V "VUNGTAU" to New York, in consideration of an agreed freight and pursuant to the valid terms and conditions of clean onboard bills of lading issued by defendant and the M/V "VUNGTAU".

6. Defendant caused said goods. still in good order and condition to be laden onboard the M/V "VUNGTAU". On or about February 2, 2006, the M/V "VUNGTAU" arrived at the port of New York and delivered said shipment in a short, slack and damage condition.

7. Prior to February 5, 2006, plaintiff became for value the owner of said shipment and the owner and holder of said clean onboard bill of lading and brings this suit on its own behalf and that of all others interested in said shipment.

8. All conditions precedent required of plaintiff and of all others interested in said shipment have been performed.

9. By reason of the premises, plaintiff and those on whose behalf this suit is brought have sustained damages in the sum of $3,000.00, as nearly as the same can now be estimated, no part of which has been paid although duly demand.

**WHEREFORE**, plaintiff prays:

1. That the M/V "VUNGTAU" be arrested;

2. That process issue against defendant PEGASUS MARITIME, INC. and that defendant be cited to appear and answer the allegations of the Complaint;

3. That an interlocutory judgment be entered in favor of the plaintiff against the M/V "VUNGTAU", against defendant directing that the plaintiff recover its damages

4. and that the M/V "VUNGTAU", be condemned and sold and the proceeds of sale be applied to the payment to plaintiff of the sums found due it;

5. That the amount due plaintiff be computed by further proceedings before a Magistrate, pursuant to Rule 53(b) and/or further proceedings before the Court, pursuant to Rule 42(b);

6. That final judgment against defendant and the M/V "VUNGTAU", be entered in favor of the plaintiff for the amount found due plaintiff with interest and with costs; and

7. That plaintiff have such other and further relief as may be just.

Dated: New York, New York
April 23, 2007

McDERMOTT & RADZIK, LLP.
Attorney for Plaintiff

By: _____
William R. Connor III (WC-4631)
Wall Street Plaza
88 Pine Street
New York, New York  10005
212-376-6400

C:\ETTA\WRConnor\64-06-821\verified complaint 042307.doc